**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-1134-WJM-STV

COMPLETE FIRE PROTECTION, INC.,

      Plaintiff,

v.

RAYMOND KOLMAN,

      Defendant.

---

**ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER**

---

      In this action, Plaintiff Complete Fire Protection, Inc. ("CFP"), sues its former employee, Defendant Raymond Kolman ("Kolman"), for misappropriation of trade secrets in violation of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. §§ 7-74-101 *et seq.*, breach of contract, unjust enrichment, conversion, and civil theft.  (ECF No. 1 ¶¶ 50–84.) Currently before the Court is CFP's Emergency Motion for Temporary Restraining Order (the "Motion") (ECF No. 4) and Memorandum in Support (the "Memorandum") (ECF No. 5).  For the reasons discussed below, the Motion is granted in part and denied in part.

## I. DISCUSSION

**A.    Rule 65 Requirements for a Temporary Restraining Order**

      To obtain a temporary restraining order ("TRO") before the party to be restrained has an opportunity to appear and respond, a plaintiff must present

> (A) specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney['s] certifi[cation] in writing [regarding] any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). As for requirement "A," CFP has provided a verified complaint that sets forth in detail the immediate and irreparable injury that would result if Kolman's actions are not enjoined. (ECF No. 1 ¶¶ 46–47.)

As for requirement "B," CFP's attorney certifies that on April 18, 2019, around 12:23 p.m., he e-mailed a copy of the Complaint, Motion, Memorandum, and Motion for a Preliminary Injunction to Kolman at his last known personal e-mail address and asked him if he opposed the motions. (ECF No. 3 at 2.) Approximately ten minutes later, counsel filed the Motion. Counsel had not yet received a response from Kolman at the time of filing. (*Id.*) The Motion suggests that notice should not be required because of the imminence of irreparable harm absent an injunction. (*Id.*; ECF No. 5 at 19–20.) The Court finds that CFP has made a sufficient showing that a temporary restraining order should issue without notice.

## B.     CFP Satisfies the Four Part Test for Obtaining a TRO

"A party seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be

adverse to the public interest." *NRC Broad. Inc. v. Cool Radio, LLC*, 2009 WL 2965279, at *1 (D. Colo. Sept. 14, 2009). The purpose of a temporary restraining order is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

On the admittedly limited record before it, the Court finds that CFP has shown a substantial likelihood of success on the merits. With regard to its misappropriation claims under state and federal law, courts have held that client and contact lists, pricing data, and other client information, which are the types of information at issue here, can constitute a trade secret. *Executive Consulting Group, LLC v. Baggot*, 2018 WL 1942762 at *7 (D. Colo. Apr. 25, 2018); *Arctic Energy Servs., LLC v. Neal*, 2018 WL 1010939, at *2 (D. Colo. Feb. 22, 2018). (*See* ECF No. 5 at 14–15.)

In addition, CFP has presented evidence, in the form of plausible allegations in its verified complaint, describing the reasonable steps it undertook to prevent the secrets from becoming available to others. (ECF No. 5 at 15–16.) *See* 18 U.S.C. § 1839(3)(A); Colo. Rev. Stat. § 7-74-102(4). Finally, the facts suggest that Kolman acquired the trade secrets by improper means, *i.e.*, e-mailing to his personal (rather than work) e-mail address screenshots of secured company data shortly before his departure from the company and commencing employment at one of CFP's competitors. (ECF No. 5 at 16.) *See* 18 U.S.C. § 1839(5); Colo. Rev. Stat. § 7-74-102(2).

3

As for CFP's breach of contract claim, the contract appears to be enforceable, and the facts as presented also suggest that Kolman breached his contract with CFP. The contract between CFP and Kolman submitted as an attachment to the Complaint appears to be enforceable under Colorado law. While Colorado generally prohibits covenants not to compete, the circumstances of the case appear to meet two exceptions to that general rule: covenants governing trade secrets and non-compete contracts for executive or management personnel. Colo. Rev. Stat. § 8-2-113(2)(b) & (d). (ECF No. 5 at 10–13.) As discussed above, the type of information allegedly captured by Kolman is frequently considered trade secret information. In addition, and while not as clear as the Court would prefer, the factual allegations appear to indicate that Kolman was in an executive or management position with access to information that was unavailable to most other people in the company. (ECF No. 1 ¶¶ 15–18; ECF No. 5 at 12.)

In the contract, Kolman agreed not to use or disseminate proprietary or confidential information, as defined in the contract, other than for the benefit of CFP; was restricted from "engag[ing] in any present or contemplated business activity that is or may be competitive with the Company (or any Affiliate) in any state where the Company conducts its business" for a period of three years; and was prohibited from employing or soliciting employees of CFP. (ECF No. 1-1 at 2, 4.) The facts presented by CFP suggest that Kolman engaged in each of the prohibited activities and form the basis for a breach of contract claim. (ECF No. 5 at 13.) Thus, again on the limited record before it, the Court concludes there is a substantial likelihood that CFP will prevail on its breach of contract claim against Kolman.

4

The Court further finds that CFP will likely suffer irreparable injury incapable of being remedied by money damages if Kolman is not enjoined from using or disseminating the trade secrets obtained from CFP, soliciting employees from CFP, or engaging in business activities that compete with CFP's current or prospective business opportunities in Colorado. (ECF No. 5 at 19–20.) *See Haggard v. Spine*, 2009 WL 1655030, at *14 (D. Colo. June 12, 2009) ("Injunctive relief is especially appropriate in non-competition cases because of the difficulty in proving money damages caused by illicit competition.").

Plaintiff also requests that the Court order Kolman to immediately return any proprietary or confidential information or trade secrets in his possession to CFP. At this juncture of the litigation, Defendant has yet to appear, and thus has not had the opportunity to put before this Court any countervailing evidence or argument. For this reason the Court concludes that it would premature at this time to order Kolman (over whom the Court has yet to obtain personal jurisdiction) to undertake such an action, especially given that such an order would go beyond the purpose and scope of a TRO, which seeks to preserve the status quo and prevent irreparable harm until the Court can hold a preliminary injunction hearing. *See Granny Goose*, 415 U.S. at 439. The Court finds that an injunction barring Kolman from using or disseminating any such information is legally and practically sufficient to protect CFP's interests at this time.

The Court finds that the irreparable harm to CFP of dissemination of its proprietary and confidential information or trade secrets outweighs any harm to Kolman, at least in the near-term contemplated by this order.

Finally, a temporary restraining order is not adverse to the public interest. To the

5

contrary, it is in the public interest to protect trade secrets, prevent unfair competition, and to enforce valid contracts.  *See Electrology Lab., Inc. v. Kunze*, 169 F. Supp. 3d 1119, 1165 (D. Colo. 2016); *Port-a-Pour, Inc. v. Peak Innovations, Inc.*, 49 F. Supp. 3d 841, 874 (D. Colo. 2014).  The Court thus concludes that CFP has met its burden to establish that a TRO is appropriate under the circumstances.

## C.    Bond

Rule 65(c) states that a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Although phrased as mandatory, in practice this Court has discretion under this Rule whether to require a bond.  *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003).  While the contract between CFP and Kolman stated that no bond or other security would be required should CFP seek equitable relief  (*see* ECF No. 1-1 at 5), it appears that CFP does not object to a $5,000 bond (ECF No. 5 at 21).  The Court finds that a $5,000 bond is appropriate in this case.

## II. CONCLUSION

For the reasons discussed above, the Court ORDERS:

1.    Plaintiff's Motion for a Temporary Restraining Order (ECF No. 4) is GRANTED IN PART AND DENIED IN PART as follows:

    a.    During the effective term of this Order, Defendant is PROHIBITED from directly or indirectly using or making available, selling, disclosing, or otherwise communicating to any third party any of Plaintiff's confidential or

proprietary information (as defined in the parties' contract) or trade
secrets;

b.      During the effective term of this Order, Defendant is PROHIBITED from
        employing or soliciting for employment any person employed by Plaintiff
        without the express written consent of Plaintiff;

c.      During the effective term of this Order, Defendant is PROHIBITED from
        engaging in any business activities that are competitive with CFP's
        present or contemplated business activities in Colorado without the
        express written consent of CFP; and

d.      Until further Order of this Court, Defendant SHALL PRESERVE, in the
        original state, all documents and information in his possession, custody,
        or control, or otherwise available to him, related to issues set forth in the
        Complaint, including hard copy and electronic files of documents,
        computer files, hard drive data, ambient data, e-mail messages, voice
        messages, instant messages, other correspondence, and phone logs; and

e.      The remainder of the Motion is DENIED.

2.      This Temporary Restraining Order SHALL EXPIRE at **11:59 p.m., Mountain
        Daylight Time, on Friday May 3, 2019**, unless extended prior to that date by
        Order of this Court.

3.      Plaintiff is ORDERED to file by no later than **Tuesday, April 23, 2019**, a
        supplement to its Motion for Preliminary Injunction (ECF No. 4) and
        Memorandum in Support (ECF No. 5) that provides greater factual detail as to

Defendant's former position with CFP, facts and information which further explains and supports Plaintiff's contention that the exception for executive and management personnel to Colorado's statutory prohibition on covenants not to compete, as codified at Colo. Rev. Stat. § 8-2-113(2)(d), should apply in this case. This supplement must be supported by a declaration or affidavit of an agent of the Plaintiff with personal knowledge of the facts set forth therein.

4.   Plaintiff SHALL TRANSMIT a copy of the following documents to Defendant by any means (including multiple means, if appropriate) reasonably calculated to reach Defendant promptly:

   a.   this Temporary Restraining Order;

   b.   the Complaint (ECF No. 1);

   c.   the Summons (ECF No. 7);

   d.   the Memorandum in Support (ECF No. 5); and

   e.   the supplement to the Memorandum in Support ordered by the Court at paragraph 3 above.

5.   After Plaintiff has transmitted the documents referenced in paragraph 4 to Defendant, Plaintiff MUST FILE promptly, but in any event no later than **Wednesday, April 24, 2019**, a status report explaining how it transmitted the above-referenced documents to Defendant, and whether it has reason to believe that said documents were received by Defendant.

6.   The Court FURTHER ORDERS that Plaintiff SHALL POST a bond or cash deposit with the Clerk of the Court in the amount of $5,000 no later than this **Monday, April 22, 2019**.

7.      After Plaintiff files with the Court the status report required by paragraph 5, the

Court will set a further briefing schedule on Plaintiff's Motion for a Preliminary

Injunction, and determine whether a hearing on the Motion will be necessary.


Entered this 19th day of April, 2019 at 2:44 p.m., Mountain Daylight Time.

BY THE COURT:

_____
William J. Martínez
United States District Judge