# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 19-cv-1134-WJM-STV

COMPLETE FIRE PROTECTION,

    Plaintiff,

v.

RAYMOND KOLMAN,

    Defendant.

## ORDER GRANTING PERMANENT INJUNCTION

Currently before the Court is the parties' Joint Motion for Permanent Injunction ("Joint Motion) and Supplement to the Joint Motion ("Supplement"). (ECF Nos. 25 & 27.) In the Joint Motion, the parties ask this court to enter a proposed permanent injunction. The Court ordered the Supplement and instructed the parties to address how the criteria for permanent injunctive relief under Federal Rule of Civil Procedure 65 are satisfied.

A party seeking a permanent injunction must prove four elements: (1) actual success on the merits; (2) irreparable harm absent an injunction; (3) that threatened injury outweighs the harm to the opposing party; and (4) that the injunction will not adversely affect the public interest. *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009).

The Court has reviewed the Verified Complaint (ECF No. 1), the Joint Motion and Supplement, and the Declarations of Raymond Kolman and Mitch Huyck submitted

as attachments to the Supplement (ECF Nos. 27-1 & 27-2). Based on the information provided therein, the Court finds that Plaintiff Complete Fire Protection ("CFP") has satisfied its burden to demonstrate facts supporting each of the four requisite findings for entry of the requested permanent injunction pursuant to Rule 65(d).

The stipulated facts establish the existence of an enforceable contract and a breach by Defendant Raymond Kolman ("Kolman"). The written settlement agreement between CFP and Kolman, which provides substantially all of the relief sought on CFP's breach of contract claim, demonstrates actual success on the merits. The stipulated facts also establish irreparable harm to CFP absent an injunction, and lack of an adequate remedy at law. Based on the parties stipulations of fact, the Court also concludes that the balance of hardship to CFP outweighs the harm to Kolman, and the injunction is in the public interest of enforcing contracts and protecting trade secrets.

For the reasons set forth above, the Court ORDERS as follows:

1. The Court GRANTS the Joint Motion for Permanent Injunction (ECF No. 25);

2. The Court ADOPTS the parties' [Proposed] Permanent Injunction Order (ECF No. 27-3) as an order of the Court and ATTACHES that proposal to this Order as ECF No. 29-1;

3. The Court ENJOINS Defendant to the extent set forth in the Permanent Injunction Order and as repeated here for the convenience of the parties:

    a. Kolman shall **IMMEDIATELY DELIVER** to CFP all of CFP's confidential, proprietary, and/or trade secret information in his possession or control together with any property Kolman obtained from CFP, including any and all computer files, documents, notes, records, reports, and other papers

(and all copies thereof) relating to CFP's business and all associated property that Kolman may possess or have under his control, and shall retain no copies in any form.

b. Kolman is **PROHIBITED** from directly or indirectly using or making available, selling, disclosing or otherwise communicating to any third party any of CFP's confidential, proprietary, and/or trade secret information.

c. Kolman is **PROHIBITED**, through March 29, 2022, from engaging in the following conduct anywhere in Colorado, whether directly or indirectly, on his own behalf or on behalf of, or in conjunction with, any person, partnership, corporation, or entity:

   i. Soliciting in any manner any of CFP's Customers, as identified in the Parties' settlement agreement, including, without limitation, soliciting, inducing, or attempting to solicit or to induce any such Customer to cease doing business with CFP, reduce the amount of business it does with CFP, or in any way interfere with the relationship between any such Customer and CFP, its affiliates, subsidiaries, or parents; or

   ii. Employing or soliciting for employment any person employed by CFP;

4. The Temporary Restraining Order set to expire on Friday, May 10, 2019, is VACATED as superseded by entry of the permanent injunction;

5.  The Clerk of Court is DIRECTED to refund to Plaintiff the $5,000 cash deposit previously posted in connection with the Temporary Restraining Order in this case; and

6.  Given that the parties have finalized and executed a settlement agreement resolving all claims brought in this action, the parties are DIRECTED to file a final stipulation of dismissal or other final dismissal papers terminating this action by **Monday, May 13, 2019**.

Entered this 8th day of May, 2019.

BY THE COURT:

William J. Martinez
United States District Judge