# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 19-cv-1134-WJM-STV

COMPLETE FIRE PROTECTION,

    Plaintiff,

v.

RAYMOND KOLMAN,

    Defendant.

## ORDER AMENDING PRIOR ORDER AND GRANTING DISMISSAL

Before the Court is the its May 8, 2019 Order granting a permanent injunction as well as the parties' Stipulation of Dismissal with Prejudice ("Stipulation"; ECF No. 30), which seeks dismissal of this action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and asks that the Court retain jurisdiction to enforce the Permanent Injunction Order (ECF No. 29) entered in this case.

The Court may *sua sponte* amend its prior order to correct a clerical mistake or mistake arising from oversight or omission. Fed. R. Civ. P. 60(a). The Court has determined that to best effectuate the intent of the parties' settlement agreement and stipulated dismissal of claims, the permanent injunction issued on May 8, 2019 should have been entered as a partial judgment in favor of Plaintiff. The undersigned's staff inquired by e-mail whether the parties would object to entry of judgment, and neither party registered an objection to so proceeding.

Also before the Court is the parties' Stipulation. The parties ask that the Court

retain jurisdiction over the permanent injunction. A stipulation of dismissal under Rule 41(a)(1)(A)(ii) is typically self-executing and strips the court of jurisdiction over the merits. *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011). However, in certain cases, the Court may retain jurisdiction over a case "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994); *McKay v. United States*, 207 F. App'x 892, 894 (10th Cir. 2006).

In light of the Court's decision to issue the permanent injunction as a partial judgment in favor of the Plaintiff, the Court need not expressly retain jurisdiction as part of the Stipulation. The Court automatically retains jurisdiction to enforce a judgment of the Court. *Metzger v. UNUM Life Ins. Co. of Am.*, 151 F. App'x 648, 651 (10th Cir. 2005) ("As a general rule, even after a district court has entered judgment, it retains ancillary jurisdiction to enforce its own orders and judgments."). Therefore express retention of jurisdiction as part of a stipulated dismissal is unnecessary. The Court thus denies as moot that part of the Stipulation that asks the Court to retain jurisdiction. The remainder of the Stipulation is granted.

In light of the foregoing, the Court ORDERS as follows:

1. The Court AMENDS its prior Order (ECF No. 29) to enter the permanent injunction against Defendant as a partial judgment in favor of Plaintiff;

2. The Clerk shall enter partial judgment in favor of Plaintiff and against Defendant enjoining Defendant to the extent set forth in the Court's prior Order;

3. The Court GRANTS AS MODIFIED the parties Stipulation for Dismissal (ECF No. 30) and all remaining claims are hereby DISMISSED WITH PREJUDICE;

4.  The Clerk SHALL TERMINATE this case; and

5.  Each party shall bear its or his own attorneys' fees and costs.

Entered this 13th day of May, 2019.

BY THE COURT:

William J. Martinez
United States District Judge